UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JORGE LUIS IZAGUIRRE TORRES,

      Petitioner,

        v.                                                                    CAUSE NO. 3:26-CV-913-CCB-SJF

WARDEN,

      Respondent.

**<u>OPINION AND ORDER</u>**

Immigration detainee Jorge Luis Izaguirre Torres, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. (ECF 1.)

Mr. Izaguirre Torres is a citizen of Honduras who entered the United States without inspection. (ECF 6-2 at 7-9.) He asserts, without contradiction by the government, that he has been living in the United States for several years. (*See* ECF 1; ECF 1-1.) In December 2025, he came to the attention of immigration officials when he was arrested for domestic battery in Indiana. (ECF 6-2 at 8.) On December 15, 2025, he was taken into custody by Immigration and Customs Enforcement (ICE) agents in Indiana pursuant to an administrative warrant and served with a notice to appear in immigration court. (*Id.* at 3-6, 8.) He is being held at Miami Correctional Facility pending the conclusion of his removal proceedings. (ECF 1.) He states that immigration officials have not given him an opportunity to be considered for release on bond. (ECF 1.) He argues that his detention without an opportunity for bond violates applicable statutes and the Due Process Clause

of the Fifth Amendment. (*Id.*) He seeks immediate release from custody or a prompt bond hearing. (*Id.*)

In an order to show cause, the court directed the Respondent to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 2.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 4.) The Respondent answered the petition (ECF 6), and the deadline has expired for Mr. Izaguirre Torres to file a reply.

The Respondent repeats the argument from *De Jesús Aguilar* and other recent cases that this court lacks jurisdiction over the petition and that Mr. Izaguirre Torres is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he is an applicant "seeking admission" within the meaning of that statute. (ECF 6.) These arguments were rejected in *De Jesús Aguilar* and subsequent decisions by judges in this District. *See, e.g., Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The court continues to be of the view that jurisdiction is secure and that the statute cannot reasonably be interpreted in the manner urged by the government. Notably, the Seventh Circuit held in deciding a motion for a stay pending appeal that the government was not likely to succeed on its argument that the mandatory detention provision contained in

2

§ 1225(b)(2) applies to noncitizens who are arrested in the interior of the United States.[1] *See*

*Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

The court reaffirms its holding that the mandatory detention provision in 8 U.S.C.

§ 1225(b)(2) does not apply to individuals like Mr. Izaguirre Torres who are arrested

within the interior of the country years after their arrival. That leads the court to 8 U.S.C.

§ 1226(a), the "default rule" for detention of noncitizens who are "already present in the

United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). That statute provides: "On a

warrant issued by the Attorney General, an alien may be arrested and detained" while

removal proceedings are pending, and the Attorney General "(1) may continue to detain

the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional

parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The Supreme Court has

held that a noncitizen detained under § 1226(a) is entitled to an individualized bond

hearing. *Jennings*, 583 U.S. at 306.

Here, Mr. Izaguirre Torres was arrested pursuant to a warrant, which accords with

§ 1226(a). (ECF 6-2 at 6.) However, he has not been granted an opportunity to be

considered for release on bond because the government views him as ineligible for bond

---

[1] A split panel of the Seventh Circuit recently affirmed the judgment of the district court in part, but there was no majority consensus on the issue of whether 8 U.S.C. § 1225(b)(2) permits the mandatory detention of all noncitizens present in the United States without legal status. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026). One judge rejected the government's interpretation and another adopted it, while the third judge concluded there was no basis to reach that issue. *Id.* The Second, Sixth, Tenth, and Eleventh Circuits have rejected the government's interpretation of § 1225(b)(2), whereas the Fifth and Eighth Circuits have approved it. *See Santillan Quiroz v. Mullin,* ___F.4th___, 2026 WL 1876709 (10th Cir. June 30, 2026); *Lopez-Campos v. Raycraft,* 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden,* 175 F.4th 1258 (11th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). The court remains convinced that its analysis of § 1225(b)(2) is sound until additional guidance comes from the Seventh Circuit.

under § 1225(b)(2). This was error for the reasons previously explained. The court concludes that the appropriate remedy in this situation is an order requiring the government to provide him with a prompt bond hearing in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. *See Cornejo Rivera v. Olson*, No. 3:25-CV-1090-CCB-SJF, 2026 WL 81753 (N.D. Ind. Jan. 12, 2026) (Brisco, J.).

The Respondent argues that the court should not grant Mr. Izaguirre Torres any relief until he exhausts all available administrative remedies. (ECF 6 at 6.) "[E]xhaustion of administrative remedies is not statutorily mandated" in cases brought under § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). Therefore, whether to require exhaustion is a matter of "sound judicial discretion." *Id.* The court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy or administrative comity, but "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue." *Id.* (citation omitted).

Here, the court finds that it would be futile for Mr. Izaguirre Torres to pursue a bond request within the agency in light of *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), holding that noncitizens without legal status are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). It is evident from the record (and from the many other habeas petitions filed in this District in recent months) that the government views individuals like him as categorically ineligible for bond.

Proceedings in a case out of California earlier this year support the conclusion that it would be futile to require him to pursue administrative remedies before granting him

habeas relief. In February 2026, a judge in the Central District of California issued an order vacating *Hurtado* on behalf of a nationwide class of individuals who were arrested by ICE within the interior of the United States and denied an opportunity for bond. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026), *appeal filed*, *Bautista, et al. v. United States Dep't of Homeland Security, et al.*, No. 26-1044 (9th Cir. Feb. 23, 2026). The government has appealed, and, at the government's request, the Ninth Circuit stayed the court's class certification order and final judgment "insofar as they extend beyond the Central District of California," and stayed the court's post-judgment order vacating *Hurtado* in its entirety. *Maldonado Bautista*, No. 26-1044 (9th Cir. order dated Mar. 31, 2026). The district judge's decision vacating *Hurtado* is thus unlikely to change the outcome of a motion for a custody redetermination filed by an individual like Mr. Izaguirre Torres, who is outside of California. These recent proceedings also confirm that the government remains committed to its interpretation of § 1225(b)(2), notwithstanding the prior rulings of this court and many others across the country. The court finds that the exhaustion doctrine does not present a barrier to relief in this case.

Although Mr. Izaguirre Torres asks for outright release, the court views the opportunity for an individualized bond hearing as the correct remedy. He was detained pursuant to a warrant issued by an immigration officer in accordance with 8 U.S.C. § 1226, and it is for the Attorney General to decide whether release is warranted under the circumstances presented by this case. *See* 8 U.S.C. § 1226; *see also Bolante v. Keisler*, 506 F.3d 618, 621 (7th Cir. 2007) (federal court's inherent authority to release individuals seeking habeas corpus relief is curtailed by statutory structure that applies in immigration cases).

However, if the government does not provide him with an individualized bond hearing, then he must be released, because his continued detention without an opportunity for bond is unlawful. 8 U.S.C. § 1226(a); *Jennings*, 583 U.S. at 306. Because he is entitled to relief as a matter of statutory law, the court does not reach his alternate argument that his detention without an opportunity for bond violates the Due Process Clause. *See K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds.").

For these reasons, the court:

(1) **CONDITIONALLY GRANTS** the petition (ECF 1) and ORDERS the Respondent to release Jorge Luis Izaguirre Torres on or before **August 6, 2026**, unless he is provided with an individualized bond hearing pursuant to 8 U.S.C. § 1226 and corresponding regulations;

(2) **DIRECTS** the clerk to email forthwith a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure compliance with this order; and

(3) **ORDERS** the Respondent to file proof of compliance with this order by **August 8, 2026.**

SO ORDERED on July 29, 2026.

*/s/ Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT